## Late Charges

SIDNEY MARGULIES, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, March 19, 1958.—You have requested the advice of this depart-

ment as to whether default charges or "late charges", which are part of the original contracts in connection with the sale of commodities (excluding motor vehicles),[1] and which exceed the equivalent of six percent per year simple interest, violate section 6(B) of the Small Loans Act[2] or the Usury Statute of 1858.[3] As illustrative of the type of charge involved you have quoted a typical provision which states:

"In the event that any installment is not paid within fifteen days after its due date I hereby agree to pay in addition to such installment a late charge equal to five per cent of the amount of such installment so in arrears, but not to exceed $5.00 . . ."

Before we can discuss the legality of a default charge, it is necessary to understand the relationship of the underlying transaction to the Usury Statute of 1858 and the Small Loans Act.

Although there is law in other jurisdictions to the contrary, the Pennsylvania Supreme Court has stated that:[4]

". . . Of course, all sale or lease contracts which extend credit are, to a certain extent, akin to the making of loans, but where a greater charge is exacted in the case of a sale on credit than in a cash sale it is included in the selling price of the article. It being uniformly held that sellers are free to contract with

---

[1] Specific statutory provision governs this problem in the sale of motor vehicles. See Motor Vehicle Sales Finance Act of June 28, 1947, P. L. 1110, sec. 21, 69 PS §621.

[2] Small Loans Act of June 17, 1915, P. L. 1012, sec. 6, as last amended by the Act of June 2, 1953, P. L. 262, sec. 2, 7 PS §759.

[3] The Act of May 28, 1858, P. L. 622, sec. 1, as amended by the Act of April 20, 1949, P. L. 655, sec. 1, 41 PS §3.

[4] Dictum in Equitable Credit & Discount Co. v. Greier, 342 Pa. 445, 21 A. 2d 53 (1941). Also see Melnicoff v. Huber Investment Company, 12 D. & C. 405 (1929); Personal Discount Company v. Lincoln Tire Company, 67 D. & C. 35 (1949).

buyers as to the terms and conditions of sales, the financing of sales of merchandise by the extension of credit has never been considered subject to the prohibition of usury or to regulations applicable to banking and loan transactions."

Therefore, in the present situation, the terms of the contract as far as they concern the interest or service charges on the original debt arising out of the sale of commodities are outside the scope of both the Usury Statute of 1858 and the Small Loans Act.

An argument has been advanced that the default charge, although part of the original terms of the contract, constitutes a charge for the forbearance of money and, if in excess of the legally permissible rate of interest, usurious. This argument is based on the belief that once a payment falls due there is an obligation absolutely owing independent of the sale. Any agreement for its extension can be regarded as relating to an independent obligation and, therefore, as constituting a forbearance of a debt or "forbearance of money" within the meaning of the usury laws.[5] While this is a valid legal argument,[6] care must be taken in applying it to our factual situation. We grant that where a new agreement is entered into at the time of the maturity of the obligation for the extension of time beyond the due date, a forbearance of a debt or "forbearance of money" has taken place and this statement of the law would be applicable. But the courts

---

[5] "Every person . . . who shall, directly or indirectly, . . . by any device, subterfuge or pretense whatsoever, charge, contract for, or receive any interest, discount, fees, fines, charges or consideration greater than six per centum (6%) per annum upon the loan, use or *forbearance of money*, goods, or things in action, or upon the loan, use or sale of credit, of the amount or value of six hundred ($600) dollars or less, without having obtained a license under this act, shall be guilty of a misdemeanor, . . .": Section 6(B) of the Small Loans Act. (Italics supplied.)

[6] See 91 A. L. R. 1110.

have made a distinction between the above set of facts and the situation where, as a part of the original contract, a provision is included providing for a penalty for the failure to pay the amount due on the date due. Then there is no fixed obligation to pay the penalty since it may be avoided by prompt payment. There are no Pennsylvania appellate court decisions on this point, but those courts which have dealt with this factual situation under comparable laws have so decided.[7]

Therefore, we must conclude that this provision for a "late charge" is not a forbearance of a debt within the meaning of the words used in the Small Loans Act. Our opinion in this matter is buttressed by the fact that the full title of the Small Loans Act restricts its application to "the business of loaning money in sums of six hundred ($600) dollars or less". Article III, section 3, of the Pensylvania Constitution provides that a statute shall not contain more than one subject "clearly expressed in its title". Further, section 54 of The Statutory Construction Act[8] provides that the title of the act may be considered in the construction of a statute. In view of the fact that the title refers only to the business of lending money, any interpretation which would expand the act to include the business of selling goods on a credit basis would not only violate one of the canons of statutory construction, but would result in interpreting the act in an unconstitutional manner.[9]

Default charges are not within the prohibition of the Usury Statute of 1858. That act states that:

[7] Florida Landholding Corporation v. Burke, 238 N. Y. S. 1 (1929); State Mutual Rodded Fire Insurance Co. of Michigan v. Randall et al., 232 Mich. 210, 205 N. W. 165 (1925).

[8] Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 54, 46 PS §554.

[9] Hoffman v. Pittsburgh, 365 Pa. 386, 75 A. 2d 649 (1950), City of Wilkes-Barre v. Pennsylvania Public Utility Commission, 164 Pa. Superior Ct. 210, 63 A. 2d 452 (1949).

"The lawful rate of interest for the *loan or use of money*, in all cases where no express contract shall have been made for a less rate, shall be six per cent, per annum:" (Italics supplied.)

We have already determined that the underlying transaction is not within the Usury Statute of 1858,[10] and we have also concluded that the default charge is not a forbearance of a debt.[11] Once again, there is an absence of decisional law in the Commonwealth on this aspect of our problem, but those cases in other jurisdictions previously cited[12] have excluded late charges from their comparable usury laws. Finally, however, the Restatement of Contracts, a frequently cited authority in Pennsylvania, in section 536 holds:

"Unless especially forbidden by statute, a provision in a bargain for a loan that after maturity interest at a higher rate shall be charged than is permissible before maturity, does not render the bargain usurious unless the parties when entering into it contemplate that the loan shall not be paid at maturity.

*"Comment:*

"a. A provision within the rule stated in the Section is held to be inserted for the purpose of compelling payment at maturity and not to be bargained for in return for the use of the money, and therefore the provision is not illegal."

Therefore, we are of the opinion, and you are accordingly advised, that default charges which are part of the original contract in connection with the sale of commodities and which exceed the equivalent of six percent per year simple interest do not violate either section 6(B) of the Small Loans Act or the Usury Statute of 1858.

---

[10] Supra.

[11] Supra.

[12] Footnote 7, supra.